IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| VERONICA ORTIZ, | § § § | |
| *Plaintiff*, | § § | |
| VS. | § § | CIVIL ACTION NO. 3:19-cv-00004 |
| TARGET CORPORATION, KEURIG DR PEPPER INC., and DR. PEPPER SNAPPLE GROUP, INC. | § § § § § § | |
| *Defendants.* | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff, VERONICA ORTIZ, hereinafter called "Plaintiff", complaining of Defendants, TARGET CORPORATION, KEURIG DR PEPPER INC. and DR. PEPPER SNAPPLE GROUP, INC., hereinafter called "Defendant and/or TARGET", "KEURIG" and/or "SNAPPLE" and for cause of action Plaintiff would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 2.

### PARTIES

Plaintiff is an individual residing in BRAZORIA County, Texas.

Defendant, TARGET CORPORATION, is a Foreign Corporation doing business in the State of Texas for the purpose of profit and may be served with process and citation by serving its registered agent: CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. **NO SERVICE IS REQUESTED AT THIS TIME AS THIS PARTY HAS ALREADY APPEARED IN THIS LAWSUIT.**

Defendant, KEURIG DR PEPPER INC., is a Foreign Corporation doing business in the State of Texas for the purpose of profit with its principal place of business being in Texas and may be served with process and citation by serving its registered agent: CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. **SERVICE IS REQUESTED VIA CERTIFIED MAIL.**

Defendant, DR. PEPPER SNAPPLE GROUP, INC., is a Foreign Corporation doing business in the State of Texas for the purpose of profit with its principal place of business being in Texas and may be served with process and citation by serving its registered agent: CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. **SERVICE IS REQUESTED VIA CERTIFIED MAIL.**

## MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiffs contention that such was a "misidentification", "misnomer' and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because Plaintiff seeks money damages within the jurisdictional limits of this court. The Court does not have jurisdiction over the parties because both Plaintiff and Defendant are individuals or entities residing in Texas or companies doing business for profit in Texas or have its principal place of business in Texas and should be Remanded back to Texas State Court.

Venue of this lawsuit is proper in BRAZORIA County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE S 15.002 (a)(l) et. al. in that BRAZORIA County is the County wherein the accident which gives rise to this suit occurred.

The amount of the Plaintiff's damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past and future, past and future physical impairment, and future lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate her. However, and only because the Defendants have demanded to know the maximum amount that the Plaintiff could be entitled to, at this time pursuant to Texas Rule of Civil Procedure 47, Plaintiff specifies and pleads to the court only that she is seeking relief over $200,000, but less than $1,000,000.

## FACTS

On or about June 12, 2018, during normal business hours, Plaintiff entered upon the Defendant's business premises, Target; located at 202 Highway, 332 West, Lake Jackson, BRAZORIA County, Texas. Based upon information and belief, Defendant Target owned the premises. Defendant maintained control of the premises where the incident occurred.

Defendant TARGET extended an open invitation to the public, including Plaintiff, to enter the premises and purchase goods and services being sold by the Defendant. Plaintiff entered the premises for the purpose of purchasing goods. Accordingly, Plaintiff was a business invitee to whom Defendant owed the duty to use ordinary care in making its premises reasonably safe and/or warning the Plaintiff of any dangerous conditions and/or activities existing upon said premises. On the occasion in question, as she began shopping, Plaintiff VERONICA ORTIZ slipped on the wet, slippery floor, inside the store while grocery shopping. Her foot slipped from under her causing her to fall to the floor, injuring herself. It was later noticed by Plaintiff that there was liquid on the floor. Based on information and belief, at all times relevant, Defendant KEURIG and/or SNAPPLE

leased, owned, marketed, delivered, and/or maintained the vending machine/cooler which leaked the water or other liquid onto TARGET's floor.

Plaintiff's fall discussed above proximately caused the injuries and damages more specifically described herein.

### NEGLIGENCE/ PREMISES LIABILITY OF TARGET

On the occasion in question, the Defendant TARGET, acting through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment committed acts and/or omissions that constituted negligence which proximately caused the incident in question; to wit:

1. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises;

2. In failing to correct the unreasonably dangerous condition which was created by the wet slippery condition of the premises in question;

3. In failing to warn invitees, including the Plaintiff of the slippery and dangerous condition of the premises in question;

4. In failing to properly inspect the premises in question to discover the unreasonably dangerous condition created by the slippery condition in question;

5. In failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;

6. In failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe;

7. In creating the condition;

8. In failing to enforce proper policies, rules, and/or procedures to make its premises reasonably safe;

9. In failing to properly warn the public of a wet floor;

10. Actual or constructive knowledge of some condition on the premises by the owner/operator;

11. That the condition posed an unreasonable risk of harm;

12. That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

13. That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit, and the Plaintiff's injuries and damages pled herein.

## NEGLIGENCE OF KEURIG AND/OR SNAPPLE

On the occasion in question, the Defendants KEURIG AND/OR SNAPPLE, acting through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment committed acts and/or omissions that constituted negligence which proximately caused the incident in question; to wit:

1. In failing to maintain the vending machine/cooler in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises; repair or inspect

2. In failing to warn invitees, including the Plaintiff of the slippery and dangerous condition of the premises in question;

3. In failing to properly inspect the premises and vending machine/cooler in question to discover the unreasonably dangerous condition created by the slippery condition in question;

4. In failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the vending machine reasonably safe;

5. In failing to implement proper policies, rules, and/or procedures to make its vending machine and the surrounding premises reasonably safe;

6. In failing to enforce proper policies, rules, and/or procedures to make its premises reasonably safe;

7. In creating the dangerous condition;

8. In failing to properly warn the public of a wet floor and/or leaking vending machine; and

9. In failing to maintain, repair or inspect the vending machine/cooler in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises.

10. Actual or constructive knowledge of some condition on the premises by the owner/operator;

11. That the condition posed an unreasonable risk of harm;

12. That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

13. That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit, and the Plaintiff's injuries and damages pled herein.

## DAMAGES

As a proximate cause of the Defendants' negligence, Plaintiff has sustained the following damages:

(1) Medical, hospital, and pharmaceutical charges and expenses in the past;

(2) Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

(3)   Pain and suffering in the past;

(4)   Pain and suffering that, in reasonable probability, will be suffered in the future;

(5)   Mental anguish suffered in the past;

(6)   Mental anguish that, in reasonable probability, will be suffered in the future;

(7)   Disability and impairment in the past;

(8)   Disability and impairment that, in reasonable probability, will occur in the future;

(9)   The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiff from the date of the occurrence in question up to the time of trial and will suffer in to the future;

(10)  Physical disfigurement in the past and future; and

(11)  Loss of enjoyment of life in the past and future.

Based on the above enumerated injuries and damages which were caused by the negligent acts and/or omissions of the Defendants, the Plaintiff pleads for actual damages in an amount that the jury deems reasonable under the circumstances which exceed the minimum jurisdictional limits of the Court.

## RULE 194 REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is hereby requested to disclose, within fifty (50) days of service of this Petition and this request, the information or material described in Rule 194.2(a)-(1).

## JURY DEMAND

Plaintiff hereby Demands a Trial by Jury and submits the required fees to the Honorable Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests that the Defendant be cited to appear and answer herein, and that upon a final hearing hereof, the Plaintiff have judgment against the Defendant(s), jointly and severally, for actual damages in an amount the jury deems reasonable under the circumstances which is in excess of the minimum jurisdictional limits of the Court together with pre-judgment interest, post-judgment interest, costs of court, and for such other and further relief to which the Plaintiff may be justly entitled.

Respectfully Submitted,

## Glaze | Garrett, P.L.L.C.

/s/ Jordan Glaze
Jordan A. Glaze
Texas Bar No. 24059826
Josh Garrett
Texas Bar No. 24067616
P.O. Box 1599
Gilmer, Texas 75644
T: 903-843-2323/ F: 888-511-1225
J.Glaze@glazegarrett.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record via the Court's electronic filing/service system, email, regular mail, certified mail, return receipt requested, hand delivery and/or facsimile, pursuant to F.R.C.P., on this May 9, 2019.

Jordan Glaze